IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR KENT COUNTY

| | | |
|---|---|---|
| JOHN DOE, | ) | |
| | ) | C.A. No.  K13C-03-041 JTV |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| BRIANA SLATER, MARK C. SLATER, | ) | |
| and APRIL P. SLATER, | ) | |
| | ) | |
| Defendants. | ) | |

*Submitted:  October 8, 2014*
*Decided: November 12, 2014*

Robert C. Collins, Esq., Schwartz & Schwartz, Dover, Delaware.  Attorney for Plaintiff.

Matthew E. O'Bryne, Esq., Casarino, Christman, Shalk, Ransom & Doss, Wilmington, Delaware.  Attorney for Defendants.

*Upon Consideration of Defendant's*
*Motions For Reconsideration of*
*Commissioner's Order*
**GRANTED In Part**
**DENIED In Part**

*John Doe v. Slater, et al.*
C.A. No.   K13C-03-041
November 12, 2104

**VAUGHN, President Judge**

**ORDER**

Upon consideration of the defendants' Motion for Reconsideration of Commissioner's Order, the plaintiff's opposition, and the record of the case, it appears that:

1.     The defendants, Briana Slater, Mark Slater, and April Slater, have filed a motion to reconsider a Commissioner's  decision which denied the defendants' motion to compel the plaintiff to provide discovery concerning certain mental health treatment experienced by the plaintiff.

2.     On March 29, 2013, the plaintiff filed a complaint against the defendants alleging injuries resulting from a car accident that occurred on March 31, 2011.  The complaint contends that the accident occurred when Briana Slater, driving southbound on Peachtree Run,  failed to stop at a stop sign at Irish Hill Road and drove her car into the plaintiff's path of travel, causing the plaintiff to hit Briana Slater's driver side. The plaintiff alleges that Briana Slater is the sole cause of the accident and claims damages which include "conscious pain and suffering," "loss of enjoyment," and "physical injury."   The defendants dispute liability and the nature and extend of the plaintiff's damages.

3.     It appears that the plaintiff was admitted to Meadow Wood Behavioral HealthSystem, a psychiatric facility, on or about March 22, 2011, nine days prior to the accident.  He was released between that date and the date of the accident.  It further appears that the plaintiff was then treated at Meadow Wood at some point

2

after the accident, although the date or dates do not appear to be in the record.

4.      On September 20, 2013, the defendants filed a motion to compel the plaintiff to produce medical records from Meadow Wood.  The defendants contended that the plaintiff's mental state at the time of and following the accident are relevant to determining whether the plaintiff's conduct contributed to the accident and  the nature and extent of his injuries.  The plaintiff opposed the motion, contending that Delaware Rule of Evidence 503(b),[1] the mental health care provider-patient privilege, was not waived and that any mental health records were absolutely privileged and not discoverable.

5.      The motion to compel was heard by a Superior Court Commissioner. The Commissioner denied the motion.   The defendants filed a motion for reconsideration of the Commissioner's order pursuant to Superior Court Rule 132.

6.      Superior Court Rule 132(a)(3)(iv) provides that a judge may reconsider an order issued by a Commissioner on non case-dispositive matters only where the movant demonstrates that the Commissioner's order is based upon findings of fact that are clearly erroneous, or is contrary to law, or is an abuse of discretion.

7.      The defendants contend that the Commissioner's order is contrary to law because filing a personal injury action waives the plaintiff's privilege as to all

---

[1] Delaware Rules of Evidence 503(b) describes the mental health care provider- patient privilege in pertinent part:

> A patient has a privilege to refuse to disclose and to prevent any other person from disclosing confidential communications made for the purpose of diagnosis or treatment of the patient's physical, mental or emotional condition . . . among the patient, the patient's mental health provider, physician or psychotherapist . . . .

relevant medical information; that the plaintiff has relied on facts regarding his mental health in order to establish his claims and defenses, and in doing so has waived his mental health privilege under Rule 503(d)(3); that the plaintiff has expressly claimed that his mental health treatment and history had no role in causing the accident, which is a waiver of the privilege; that the plaintiff waived his Rule 503 privilege when he signed and delivered a medical records waiver, which included psychiatric records, to his lawyer; and that public policy requires that the plaintiff cannot waive his Rule 503 privilege for his own benefit and then seek to use the same privilege to deny the defendants from discovering the same information.[2]

8.      The plaintiff contends that he took deliberate steps to maintain his Rule 503 privilege in order to protect his medical information; that he purposely decided not to seek emotional or psychological damages in order to preserve his provider/patient privilege as it relates to his mental health treatment; that his mental state is not at issue and his claim is specifically limited to physical injuries;  that the medical authorization given to his attorney does not have any effect on his waiver of Rule 503 because his attorney never requested or viewed mental health records; and that failing to maintain the Rule 503 privilege would have broadly chilling effects on

---

[2] In the course of discussing their contentions, the defendants discuss two prior accidents the plaintiff had been involved in, one less than two months before the one in this case.  They describe certain circumstances relating to those accidents, including pain medications which the plaintiff took after the second accident, and pain medications which the plaintiff took after the accident in this case.  They further state that they submitted an interrogatory to the plaintiff asking him to identify all hospitals, mental health facilities or medical institutions for which he was treated for mental or emotional difficulties, or drug or alcohol abuse, for 20 years prior to the accident.

patients' relationships with their therapists.

9.      Rule 503(d)(3) reads as follows:

> There is no privilege under this rule for a communication relevant to an issue of the physical, mental or emotional condition of the patient in any proceeding in which the patient relies upon the condition as an element of the patient's claim or defense . . .

The issue is whether the plaintiff's mental health treatment records are relevant to any physical, mental or emotional condition upon which the plaintiff relies.

10.     Case preparation which has taken place after the Commissioner's decision  has produced medical evidence which was not available to the Commissioner.  According to the record of the case, part of the plaintiff's alleged injuries from the accident were injuries to his neck and back.  From a report prepared by Dr. Andrew Robinson, it appears the defendant was treated for lower back pain by a Dr. Ameer, who expressed the opinion that the plaintiff suffered from incurable and painful conditions of the lower back, which were treated with reasonable amounts of opiates.  Dr. Robinson disagreed with these statements by Dr. Ameer.

11.     Dr. Damian Andrisani, who was retained by the defense to examine the plaintiff, expressed the following opinion:

> To further complicate matters, he [the plaintiff] was hospitalized on 3/22/2011 for severe depression and suicidal ideations.  These issues may be significant contributing factors to his needs for pain medications through February 2012, provided by Dr. Ameer.

12.    The plaintiff objects to my considering this information, which was submitted after briefing on the motion was completed.   However, I think it is reasonable to take into account all relevant information which either party submits, and I am satisfied that the plaintiff has had a fair opportunity to be heard on all information which has been submitted.

13.    Based upon the above-described medical evidence, I conclude that the records of the plaintiff's March 22, 2011 hospitalization at Meadow Wood are relevant to a full evaluation of the plaintiff's alleged back injury and the treatment of that injury.  I therefore conclude, based upon the current state of the record, that the Commissioner's denial of the motion to compel was contrary to law. The plaintiff shall provide those records to the defendants within 60 days.

14.    I am not persuaded, on this record, that any mental health records prior to the March 22, 2011 hospitalization are relevant, and in my opinion the request for all records for 20 years preceding the accident is extremely over broad.  However, the plaintiff shall provide the defendants with the date and location of any mental health treatment which he received in the six-month period preceding the accident.   With regard to mental health treatment after the accident, the plaintiff shall provide the defendants with the dates of his treatment at Meadow Wood Hospital referred to in his answer to interrogatory 14.  This information shall be provided within 30 days. If, after counsel for the defendants has had an opportunity to examine the records from the March 22, 2011 hospitalization and is made aware of the date and location of other treatment as provided herein, counsel believes that the records of such

6

treatment  are relevant, he can file a new motion seeking such records.[3]

15.  Therefore, the motion for reconsideration is ***granted in part and denied in part***.

**IT IS SO ORDERED**.

/s/   James T. Vaughn, Jr.
President Judge

cc:   Prothonotary
Order Distribution
File

---

[3]  I am not persuaded that the signing of a standard medical release form at the request of his attorney which was not utilized by the attorney to obtain any mental health records waives the assertion of the privilege.  I find it unnecessary to address the plaintiff's other contentions.